[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared with their counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and the plaintiff, whose maiden name was Doggett, intermarried at Strone, Scotland on September 17, 1983; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor child issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably with no hope of reconciliation and that no state or public agency contributed to the support or maintenance of either party.
The plaintiff testified that the breakdown of the marriage was due to the lack of communication between the parties; that they acted like strangers for many years; that the defendant was unsociable resulting in their never entertaining friends; that they never went anywhere; that he was very irresponsible about finances and that they had difficulties in paying bills for education in expensive private schools for their daughter, Siobhan.
She further testified that she became very depressed and stressed from the breakup of their marriage; that she started treatment with Michael S. Kurjan, LCSW, (see Plaintiff's Exhibit K), who prescribed Zoloft, an anti-stress medication and that because of said stress she clenched and ground her teeth causing her bridge to break resulting in dental treatment estimated at $9,700.00 to repair. (See Plaintiff's Exhibits A and B.)
The defendant did not offer any testimony as to what caused the breakdown of the marriage. CT Page 14868
Although the parties testified extensively to income and expenses, style of living etc., as is evidenced by the extensive exhibits entered into evidence, the court is only referring to such evidence as it deems necessary to adequately and fairly set forth the rights and obligations of the parties?.
The plaintiff, who was born December 4, 1954, has a high school education plus two years of university studies. During the marriage she was unemployed, except for the last two years, caring for her daughter and her family responsibilities. Presently she is employed at Mark Fore and Strike in Mystic, Connecticut, as an assistant manager and receives a bi-weekly net income of $623.00.
During the mid 1990's, the plaintiff and defendant were engaged in an antique business which terminated in 1999. Thereafter, plaintiff operated a business known as Showcase, which she presently operates. It provides her with a net weekly income of $25.51.
The defendant, who was born September 27, 1948, graduated high school and had further education short of obtaining a college degree. Further, the defendant testified that he has difficulty walking in addition to other problems, which may affect his future employment.
The defendant is presently employed at Avaya, Inc., and has a gross weekly wage of $1,172.00 per week and a net weekly income of $739.22. In addition, the defendant receives a Navy retirement of $349.37 per week resulting in a total net income of approximately $1,045.90. In the year 2001, the defendant earned overtime in addition to the above. However, he claims that he may not be receiving any overtime work in the future. (See Defendant's Exhibit 13.)
Further, the defendant also claims that his present contract of employment terminates May 2003. Whether his employment will be renewed is unknown at this time and depends upon negotiations between his union and Avaya, Inc., next spring.
During their marriage, the parties owned a few homes. Each was sold and the parties agreed on the division of the proceeds received from such sales. On July 31, 2000, the jointly owned residence of the parties at 73 Mistuxet Avenue was sold. The net proceeds of $98,549.50 were deposited into the joint Navy Federal Credit account of the parties. See Defendant's Exhibits 3 and 8. By agreement of the parties, the net proceeds were divided 80% to the plaintiff and 20% to the defendant. Subsequently, the defendant removed
CT Page 15186